

Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'08 AUG 27 13:04USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **PAMELA GONZALES,** | Case No.: CV '08 1001 - [ ] |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) ; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| **BUREAU OF COLLECTION RECOVERY, INC.,** | |
| Defendant | DEMAND FOR JURY TRIAL |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

>   (1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); and,

>   (2) Invasion of Privacy by Intrusion upon Seclusion.

# 22742

Complaint - 1

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Oregon State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Pamela Gonzales ("Plaintiff"), is a natural person residing in Clackamas County, Oregon.

4. Defendant, Bureau of Collection Recovery, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. At various and multiple times prior to the filing of the instant complaint, including within the 365 days preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

> a) Making threats within the 30 day statutory notice period that overshadow the notices required by 15 USC § 1692g, including threatening to report the

debt "immediately" to Plaintiff's credit report if Plaintiff hung up (§ 1692g(b));

b) Using language in conversations with Plaintiff the natural consequence of which is to harass or abuse Plaintiff (§ 1692d(2));

c) Failure to provide notification to Plaintiff in each collection call that the communication was from a debt collector (§ 1692e(11)); and,

d) Continuing to communicate with Plaintiff after having received a letter from Plaintiff requesting that Defendant cease and desist all communication (§ 1692c(c)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed in paragraph 8, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's actions, detailed in paragraph 8, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed in paragraph 8, constituted an extraordinary transgression of the bounds of socially tolerable conduct.

13. To the extent Defendant's actions, detailed in paragraph 8, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon;

D. Punitive Damages;

E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

F. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 25th day of August,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
11934 SW Sagehen St.
Beaverton, OR 97007
503 376 6774, ext. # 216
866 565 1327 facsimile FILED'08 AUG 27 13:05USDC-ORP
Attorney for Plaintiff